WILLIAM WORTHY, plaintiff in error *vs.* THE STATE OF GEORGIA, defendant in error.

1. Upon the trial of an indictment for adultery, it is error in the Court to refuse a continuance for the absence of two witnesses, who had been subpœnaed and were within the jurisdiction of the Court, by whom the prisoner expected to prove his innocence: and the fact of one being the woman accused does not change the rule:

2. The fact that the Judge announces his readiness for parties to send for their witnesses does not necessarily deprive a prisoner, who has not availed himself of it, of his legal rights to a continuance when his case is called in its order for trial.

3. Where the evidence in the case is all presumptive and the jury have found a verdict of guilty, this Court will grant a new trial upon the

ground of the absence of witnesses with greater liberality than in a case where the guilt of the accused is manifest by the proof.

Criminal law.  Continuance.  Before Judge PARROTT. Whitfield Superior Court.   April Term, 1871.

Worthy was indicted for adultery with Jane Lemons. When the case was called for trial he moved to continue for the absence of Jane Lemons, who would swear he had not had carnal knowledge of her and the absence of another, who was familiar with his premises and conduct, and would detail facts rebutting the idea of his guilt.   The showing was in every way legal, but " Court had progressed nearly two weeks, and the Court had, in every case, ordered the sheriff to arrest and bring witnesses, or imprison them in any criminal case, when application was made by either the State or defendant, and it did not appear in this case that any reasonable effort had been made, or proper diligence had been used, to secure the attendance of the witnesses," and, therefore, the continuance was refused.

The only evidence of guilt was that Worthy and his wife separated ; that for a time his son-in-law and *his* wife lived with Worthy, and she did his cooking, and when they left he hired Miss Jane Lemons, who had been raised on his farm, to live with him and cook for him.   No witness ever saw any familiarity between them, but she slept in the same room with him, in which room were the only two beds upon the premises.   The jury found Worthy guilty.   He moved for a new trial upon the grounds that the Court erred in refusing the continuance, and because the verdict was contrary to the evidence, etc.   The refusal of a new trial is assigned as error.

JOHNSON & McCAMY; JESSE GLENN, for plaintiff in error.   Defendant not bound to have witnesses bound over to attend Court: 5 Ga. R., 48 ; 10th, 85 ; 14th, 22 ; 30th, 10.

C. E. BROYLES, Solicitor General; D. A. WALKER, for the State.

LOCHRANE, Chief Justice.

The plaintiff in error was indicted for the offense of adultery, and upon the trial moved for a continuance, upon the ground that he had two witnesses subpœnaed, by whom he expected to prove his innocence, one of whom was the female accused of the offense, which the Court overruled upon the ground of his announcement, that, upon notice, he would send for witnesses, etc. The case proceeded, and the evidence against the accused was entirely presumptive. No witnesses showed or testified to any fact of guilt in the premises. The jury convicted the accused and he moved for a new trial, which was overruled, and this judgment of the Court is assigned as error.

1 and 2. We are satisfied the Court erred in the judgment and ruling in this case. The prisoner was entitled to a continuance. His showing came within the rule of law, and the fact of one of his witnesses being the party accused, did not defeat the right. It is true, she was the *woman*, but she was a competent witness, and certainly, if she swore, none could detail the facts of innocence with more clearness than herself.

2. When the proof offered by the State was circumstantial, and depended more upon the opinion of the jury from the opportunity afforded to commit the act, than any proof of its commission; and the evidence taken in its very broadest sense, was very weak and unsatisfactory, it was error in the Court to overrule the motion for continuance, and, especially after the conviction, upon the proof offered, to refuse a new trial.

Judgment reversed.